Garrick S. Lew (State Bar No. 61889)
Law Offices of Garrick S. Lew & Associates
1000 Brannan Street, Suite 488
San Francisco, California 94103-4888
Telephone: (415) 575-3588
Facsimile:  (415) 522-1506
Email: gsl@defendergoup.com

Attorney for Defendant
Paul Chiang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Venue

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>　　vs.<br>PAUL CHIANG,<br>　　　　　　　Defendant. | 12-CR-00463-LHK<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Hon. Howard R. Lloyd<br>October 30, 2013 1:30 p.m. |

## I. INTRODUCTION

Paul Chiang entered a plea of guilty to a misdemeanor violation of Title 18 U.S.C. 1030(a)(2)(C), computer intrusion.  The United States Probation Office has prepared a Presentence Report (PSR) and concluded that the advisory United States Sentencing Guideline (USSG) in this case is Total Offense Level 10, Criminal History Category I.  Mr. Chiang has no objection to the Guideline calculation or facts contained in the PSR and urges the court to accept the probation officer's recommendation[1] that a sentencing variance is appropriate in this case and sentence Mr. Chiang to a sentence of probation.

## II. BACKGROUND

Paul Chiang was born in New York and raised in Alameda and Santa Clara counties. Paul is

---

[1] Excepting condition # 6, page 3 of the probation officer's recommended conditions of probation.

the only son of Kida and Celia Chiang. Around the time Paul began elementary school his father became incoherent and was diagnosed as mentally disabled. His parents soon divorced. Paul grew up alone in a home he shared with his working mother.

Paul Chiang has forthrightly accepted full responsibility for his actions which now bring him before the Court. The conduct Paul engaged in necessitated a forensic medical examination which resulted in the medical expert's diagnosis which the Court should address in fashioning reasonable terms and conditions of defendant's probationary sentence.

The court must consider 18 U.S.C. 3553(a) in its entirety and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The court, in determining the particular sentence to be imposed, shall consider –

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed --

    (a) to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

    (b) to afford adequate deterrence to criminal conduct;

    (c) to protect the public from further crimes of the defendant; and

    (d) to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner;

The sentencing court is now required to consider factors that the Guidelines effectively prohibited from consideration, i.e., Age, USSG 5H1.1; Education and Vocational Skills, USSG 5H1.2; Mental and Emotional Condition, USSG 5H1.3; Physical Condition Including Drug or Alcohol Dependence, USSG 5H1.4; Employment, USSG 5H1.5; Family Ties and Responsibilities, USSG 5H1.6; Socio-economic Status, USSG 5H1.10; Civic and Military Contributions, USSG 5H1.11; and Lack of Youthful Guidance, USSG 5H1.12 (*United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir. 2005) (*en banc*)). To consider the "history and characteristics of the defendant," the Court must now consider factors the Guidelines eschewed.[2]

---

[2] The United States Sentencing Commission has recently submitted proposed amendments to the Congress, in part expanding the court's consideration of specific offender characteristics, such as age, mental health, military service, as relevant considerations at sentencing.

In addition to USSG 5H1.2; Mental and Emotional Condition, as pointed out by the probation officer, the Court should also consider *effective November 1, 1998*, USSG. §5K2.13 (diminished capacity) which was amended and liberalized to authorize a downward departure, with certain exceptions, "if the defendant committed the offense while suffering from a significantly reduced mental capacity." This applies if a defendant has a significantly impaired ability to understand the wrongfulness of his behavior or to "control behavior" that he knows is wrongful. The "goal of the guideline is lenity toward defendants whose ability to make reasoned decisions is impaired." (*United States v. Cantu*, 12 F.3d 1506, 1512, 1516 (9th Cir. 1993)). Reduced mental capacity need only be contributing cause of the crime not sole cause. (*Id.*, *United States v. Lewinson*, 988 F.2d 1005 (9th Cir. 1993).

The Supreme Court in *Gall v. United States* 128 S.Ct. 586, 596-597, 169 L. Ed. 2d 445 (2007) cautioned that respect for the law is promoted in many ways, not always measured by the strictness of sentences or the nature of harsh sanctions. The Court stated:

> . . . Moreover, the unique facts of Gall's situation provide support for the District Judge's conclusion that, in Gall's case, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing. (*Gall*, at 599)

In order to meet the mandate of *United States v. Booker* 160 L. Ed. 2d 621, 125 S.Ct. 738 (2005), this court must calculate the appropriate advisory guidelines range and may then consider appropriate departures. It must also apply the 3553(a) factors and address any other specific characteristics of the defendant or his offense that might impact the determination of a "reasonable" sentence under the particular circumstances of this case. The court must then consider the statutory parsimony provision and impose a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in [§3553(a)(2).]" The district court's sentencing decision will then be subject to an abuse-of-discretion review by the circuit.

## IV. A REASONABLE SENTENCE

There is no doubt that Paul Chiang's offense behavior is serious. He illegally intruded into the work computers of his co-workers, obtained private personal information he was not entitled to and used the information improperly. He has acknowledged and accepted responsibility for his

conduct. He voluntarily submitted to a forensic examination to gain better insight and understanding of his conduct and is amenable to therapeutic treatment to address the problem.

This is Paul's one and only criminal involvement. He has returned to a productive and positive life. He understands the need to address the painful aspects of his upbringing and the mental disability which contributed to the illegal conduct that brought him before the court.

Given Paul's solitary life starting in his elementary school years, the court should also consider Lack of Youthful Guidance, USSG 5H1.12 as a mitigating factor and decide whether his involvement in this offense constituted "aberrant acts" in an otherwise lawful life. Paul's academic and investing achievements have demonstrated that he is, and can be, a productive member of society. Incarceration is unnecessary to impress upon him the seriousness of his conduct or to deter him from future illegal acts. As a corollary, the public does not need to be protected from further crimes of Paul.

Reflecting the seriousness of the offense, providing just punishment, and promoting respect for the law are also goals of sentencing. Those concepts are temporized somewhat by the admonishment of the Supreme Court in *Gall*, *infra*, in which the court suggests that harsh punishment does not always promote respect for the law. Paul Chiang's intrusion into his co-workers computers was clearly wrong and illegal to be sure, but was equally aberrant. He is a man with considerable promise, who has in the most concrete of ways, taken responsibility for his conduct who has the capacity to comply with reasonable conditions of probation to insure that no future offenses occur.

Given the above factors, it is respectfully requested that the Court adopt the sentence recommendation made by Probation and sentence Paul Chiang to three years of probation.

Dated: November 8, 2013

        Respectfully submitted,

        Garrick S. Lew
        Attorney for Defendant PAUL CHIANG